**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION ) | MDL 2804 |
| ) | |
| ) | Case No. 1:17-md-2804 |
| THIS DOCUMENT RELATES TO: ) | |
| ) | Judge Dan Aaron Polster |
| *Commonwealth of Kentucky et al. v.* ) | |
| *Walgreens Boots Alliance, Inc. et al.*, ) | **OPINION AND ORDER** |
| 1:18-op-46311-DAP ) | |

Before the Court is Plaintiff Commonwealth of Kentucky's Motion to Remand. **Doc. #: 6.** For the reasons to follow, the Court **GRANTS** Kentucky's Motion to Remand.

I.

In this Multidistrict Litigation ("MDL"), Plaintiffs are government entities, Indian tribes, hospitals, third-party payors and individuals from across the nation that have sued the manufacturers, distributors and retailers of prescription opiate drugs alleging they are liable for the costs Plaintiffs have incurred, and will continue to incur, in addressing the opioid public health crisis. There are now over 1500 cases in the MDL—over 1200 of which were filed by various government entities.

On June 14, 2018, the Commonwealth of Kentucky ("Kentucky"), through its Attorney General, filed this action against Walgreens Boots Alliance, Inc.; Walgreen Co.; Walgreens Mail Service, LLC; Walgreens Specialty Pharmacy, LLC; and Walgreens.com, Inc. d/b/a Walgreens #05823 (collectively "Walgreens") in the Boone Circuit Court, Division III, Boone County,

Kentucky. Doc. #: 1-1 at 5. On its face, Kentucky's Complaint alleges only state law claims: Consumer Protection Act Violation (Counts I and II); Public Nuisance (Count III); Medicaid Fraud KRS Chapter 205 (Count IV); Medicaid Fraud KRS Chapter 194A (Count V); Breach of Statutory Duties/Negligence Per Se (Count VI); Negligence (Count VII); Unjust Enrichment (Count VIII); Fraud by Omission (Count IX); and Punitive Damages (Count X). *Id.* at 45-67. Kentucky does not allege any federal claims.

On July 18, 2018, despite the clearly state-law specific character of Kentucky's allegations, Walgreens removed Kentucky's case to the United States District Court for the Eastern District of Kentucky based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1331. Doc #: 1. On December 11, 2018 the case was transferred to the MDL. Walgreens asserts in its Notice of Removal that the allegations in Kentucky's complaint facially arise under federal law because the legal duties that Walgreens is alleged to have violated "arise *only* under the federal Controlled Substance Act ("CSA") and its implementing regulations." Doc #: 1 at 6 (emphasis in original).

## II.

To remove this case to federal court, Walgreens must establish that the Court has original jurisdiction. Title 28, Section 1331 of the United States Code provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, this Court's original jurisdiction is limited. The United States Supreme Court has consistently held that federal courts "possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994)).

Federal question jurisdiction is governed by the well-pleaded complaint rule. The rule provides that federal question jurisdiction exists when a federal question is presented "on the face

2

of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003).

Additionally, even when a complaint alleges only state-law claims on its face, the Supreme Court has also "identified a 'special and small category' of cases in which [federal question] jurisdiction still lies." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). In *Gunn*, the High Court succinctly described the test it previously set forth in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g and Mfg.*, 545 U.S. 308 (2005):

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Gunn*, 568 U.S. at 258 (quoting *Grable*). However, the mere presence of a federal issue in a state law claim does not automatically confer federal question jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

Courts are obliged to strictly construe removal jurisdiction against removal and all doubts should be resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The party seeking removal bears the burden of demonstrating that removal is proper. *Coyne*, 183 F.3d at 495.

### III.

As stated above, Kentucky's Complaint does not facially assert federal-law claims. Thus, the Court turns to the *Grable* test. Walgreens asserts that the legal duties alleged by Kentucky only arise under federal law. District Courts examining virtually identical facts to those present here have determined that:

> While a determination of a duty and violation of that duty under the FCSA will likely occur in examining Plaintiff's claims, so also will examination of [state] common law, statutes, and promulgated rules to determine Defendants' duty, if any, to prevent "diversion" of prescription drugs into illicit channels. And to the extent, if any, that Plaintiff's claims are "partially predicated on federal law, federal law would still not be necessarily raised."

*New Mexico ex rel. Balderas v. Purdue Pharma L.P.*, 323 F. Supp. 3d 1242, 1252 (D.N.M. 2018) (quoting *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 164 (3d Cir. 2014)); *see also Delaware ex rel. Denn v. Purdue Pharma L.P.*, No. CV 1:18-383-RGA, 2018 WL 1942363, at *2 (D. Del. Apr. 25, 2018) (same analysis); *State of W. Virginia ex rel. Morrisey v. McKesson Corp.*, No. CV 16-1772, 2017 WL 357307, at *8 (S.D.W. Va. Jan. 24, 2017) (same analysis).

Walgreens cannot meet its burden of showing that removal of Kentucky's case was proper under either the well-pleaded complaint rule or the *Grable* test. Therefore, this Court does not have jurisdiction over Kentucky's claims. In fact, this Court has already recognized that it has no jurisdiction over state cases filed by state attorneys general. *See* MDL 2084 Doc. #: 94.

IV.

Accordingly, Kentucky's Motion to Remand Case No. 1:18-op-46311 to the Boone Circuit Court, Division III, Boone County, Kentucky, Doc. #: 6, is **GRANTED**.

**IT IS SO ORDERED.**

    **/s/ Dan Aaron Polster** *January 14, 2019*
    **DAN AARON POLSTER**
    **UNITED STATES DISTRICT JUDGE**